UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>                   Plaintiff,<br><br>   v.<br><br>ISRAEL RAMIREZ DIAZ,<br><br>                   Defendant. | Case No. 1:18-cr-00055-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is the Government's Motion for Stay of Release Order and Request for Detention Hearing. (Dkt. 16.) The parties have filed their responsive briefing on the Motion and, on May 16, 2018, the Court held a hearing on the matter. For the reasons stated herein, the Court denies the Government's Motion.

## FACTUAL AND PROCEDURAL HISTORY

On February 14, 2018, the grand jury returned a two count Indictment charging the Defendant, Israel Ramirez Diaz, with Distributing Cocaine and Distributing Methamphetamine. (Dkt. 1.) The alleged conduct giving rise to the charges occurred on October 26, 2017 and November 6, 2017, respectively. (*Id.*)

Also on February 14, 2018, an Arrest Warrant was issued for Mr. Diaz. (Dkt. 2.) Just over two months later, on April 16, 2018, Mr. Diaz was arrested on the Warrant (Dkt. 5) and the Government filed a Motion for Detention pending trial (Dkt. 4). The next day,

ORDER- 1

Defendant was arraigned before United States Magistrate Judge Candy W. Dale who issued a temporary order of detention and set the matter for a detention hearing on April 19, 2018. (Dkts. 7, 11.)

The United States Probation Office issued an initial pretrial service report on April 17, 2018 with an addendum on April 19, 2018. (Dkts. 16-2, 16-3.) On April 19, 2018, Chief United States Magistrate Judge Ronald E. Bush held a detention hearing. (Dkts. 14, 19.) At that hearing, the Court reviewed the record, admitted the pretrial services reports into evidence, and heard testimony from DEA Agent, John Aldine; Defendant's sister, Rachel Diaz; and Defendant's mother, Laura Ramirez. (*Id.*)

Ultimately, the Court denied the Government's Motion for Detention pending trial (Dkt. 4) and ordered that Mr. Diaz be released upon certain conditions. (Dkt. 15.) These conditions include home detention under the oversight of a third-party custodian and location monitoring. (*Id.*)

Also on April 19, 2018, the Government filed the instant Motion for Stay of Release Order and Request for a Detention Hearing. (Dkt. 16.) Essentially, the Government appeals from the Magistrate Judge's Order Setting Conditions of Release ("Release Order") (Dkt. 15).

On May 15, 2018, the United States Probation Office prepared a second pretrial services report. At that May 16, 2018 hearing, the Court admitted the second pretrial services report; heard arguments from counsel, including Defendant's objection to portions of the report; and considered Defendant's further proffer of evidence.

ORDER- 2

## STANDARD OF REVIEW

The Government's Motion is brought pursuant to 18 U.S.C. § 3145(a)(1), which provides that "if a person is ordered released by a magistrate judge," then "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." An appeal from a release order, like an appeal from a detention order, "is governed by the provisions of section 1291 of title 28 and section 3731 of this title." 18 U.S.C. §3145(c). Further, "[t]he appeal shall be determined promptly." *Id.*

Nevertheless, in considering the Government's appeal from the Magistrate Judge's Release Order, the district court does not exercise its appellate jurisdiction. *United States v. Keonig*, 912 F.2d 1190, 1192 (9th Cir. 1990). Rather, the district court reviews the matter *de novo* and without deference to the Magistrate Judge's findings. This is because the district court, "unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary." *Id.*

In exercising *de novo* review of the Magistrate Judge's Release Order, "the district court is not required to start over in every case . . . and proceed as if the magistrate's decision and findings do not exist." *Id.* at 1193. At the same time, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. Moreover, the Court may conduct an additional evidentiary hearing. *Id.* "The point is that the district court is to make its own 'de novo' determination of facts, whether different from or an

ORDER- 3

adoption of the findings of the magistrate. . . [and] the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion." *Id.*

## DISCUSSION

Upon a complete *de novo* review of the entire record in this case, specifically including the additional evidence in the record after the Release Order was issued, the Court finds the Government's Motion for Detention (Dkts. 4, 16) should be denied. While the undersigned would have probably come to a different conclusion given the information available on April 19, 2018, the evidence now before the Court supports Defendant's continued release pretrial. However, should the Defendant violate the terms of his pretrial release, the Court will not hesitate to detain the Defendant pending further proceedings.

**A.     It Is Undisputed that a Rebuttable Presumption in Favor of Detention Applies.**

The release or detention of a defendant pending trial is governed by the Bail Reform Act, 18 U.S.C. § 3142, which requires the release of a person pending trial unless the Court "finds that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community...." 18 U.S.C. § 3142(e)(1).[1] Thus, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the

---

[1] Subsection (e) states in full: "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

ORDER- 4

court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Nonetheless, there are exceptions to this rule for enumerated offenses, including certain felony drug offenses. 18 U.S.C. § 3142(e)(3)(A). Defendant does not dispute that this rebuttable presumption in favor of detention applies here. (Dkt. 23, p. 2.) As a result, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community." 18 U.S.C. §3142(e)(3).

Defendant has the burden of rebutting this presumption. *Id*. Nevertheless, while "the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *Hir*, 517 F. 3d at 1086.

**B.     Defendant Has Rebutted the Presumption in Favor of Detention.**

The Magistrate Judge determined that the presumption was rebutted by evidence submitted at the initial detention hearing detailing Defendant's contacts in the community, his family ties, and the length of those ties. (Dkt. 19, pp. 26-27). In addition, Defendant offered a third party custodian, his sister, and evidence that his family members have no qualms about reporting his behavior to a probation officer. Thus, the Magistrate Judge determined that release with conditions, including location monitoring and home detention with Defendant's sister acting as a third party custodian, would be appropriate.

Since the initial detention hearing, additional evidence has developed that further rebut the presumption that no condition or set of conditions will assure Defendant's appearance or the community's safety. More specifically, Defendant has complied with

ORDER- 5

conditions of his release to date, secured a job, is making progress toward his G.E.D., and appeared for the May 16, 2017 detention hearing without apparent incident.

Moreover, the Court notes that the record reflects delays associated in securing Defendant's arrest that undermine the Government's argument that Defendant is a flight risk or danger to the community. The conduct underlying this offense occurred in October and November of 2017; the Indictment was returned on February 14, 2018; and the Arrest Warrant was not executed for two months.

In short, the Court concludes that the Defendant has rebutted the statutory assumption with evidence that the current set of conditions are sufficient to assure his appearance and the safety of the community.

**C.    The Government Has Not Shown by Clear and Convincing Evidence that No Condition or Combination of Conditions Will Reasonably Assure the Appearance of Defendant or the Safety of the Community.**

Because Defendant has proffered evidence sufficient to rebut the presumption in favor of detention, the burden shifts to the Government to prove by "clear and convincing evidence" that detention is warranted. *Hir*, 517 F.3d at 1086; 18 U.S.C. § 3142(f)(2)(B). The presentation of evidence is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

The factors to be considered in making this determination are detailed in § 3142(g) and include: (1) the nature and circumstances of the offense charged, including whether

the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and (4) the nature and seriousness of danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g). The Court takes into account all available information concerning the factors set forth in § 3142(g).

The Court has examined the factors set forth in §3142(g) in light of the parties' evidence and argument and finds the Government has failed to meet its burden of persuasion. On balance, these factors support continued pretrial release on the same terms and conditions as ordered by the Magistrate Judge.

First, while the nature and circumstances of the offense are serious, the Court notes the relative drug quantities at issue are not excessive given the drug quantities the Court typically sees in federal cases. At the same time, Defendant faces a mandatory minimum of five years. This factor weighs in favor of detention.

Second, the weight of evidence against the Defendant appears strong. This factor also weighs in favor of detention, although it is the factor to be accorded the least weight.

Third, the Defendant is just 19 years old with strong ties to his family and this community, as noted by the Magistrate Judge. Balanced strongly against this are Defendant's criminal history as a juvenile and his prior response to supervision. Nevertheless, the Court cannot ignore the fact that Defendant appears to be doing well on

supervision since he was released on April 19, 2018. He is working and contributing to his household, and he also appears to be working on self-improvement.

Fourth, there is no evidence in the record that would suggest the Defendant, released on the present conditions, would pose a specific danger to any person or the community. Rather, the allegations in support of the instant charges took place approximately six months ago and there are safeguards in place to ensure careful monitoring of Defendant's behavior.

Thus, on balance, and especially in light of Defendant's performance on release since April 19, 2018, the Court finds that Defendant's continued release is appropriate.

## CONCLUSION

Having conducted a *de novo* review of the record in this matter and considering the parties' arguments at the May 16, 2018 hearing, the Court finds: (1) Defendant has presented evidence sufficient to rebut the presumption of detention and (2) the Government has not shown by clear and convincing evidence that the Defendant must be detained in order to assure his appearance at sentencing or for the safety of the community. Thus, Defendant's Motion (Dkt. 16) for revocation of the Magistrate Judge's Release Order (Dkt. 15) is denied.

DATED: May 16, 2018

Edward J. Lodge
United States District Judge